# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| MARK SYLWESTROWICZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:08-CV-378 JVB |
| | ) | |
| ALEJANDRO DOMINGUEZ, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Mark Sylwestrowicz, a prisoner confined at the Westville Correctional Facility, filed a complaint pursuant to 42 U.S.C. § 1983, alleging a violation of his federally protected rights by Deputy Prosecuting Attorney Alejandro Dominguez, Lake Superior Court Magistrate Kathleen Sullivan, and Hammond Police Department Sergeant Paul Dancer. Pursuant to 28 U.S.C. § 1915A(a), the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under RULE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

> In order to state a cause of action under 42 U.S.C. § 1983, . . . the plaintiff must allege that some person has deprived him of a federal right [and] . . . he must allege that the person who has deprived him of the right acted under color of state . . . law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief . . . . Fed. R. Civ. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more [is required] from plaintiff['s] allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations and quotation marks omitted).

> Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests. While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-1965 (2007) (citations and quotation marks omitted).

> While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant set out *in detail* the facts upon which he bases his claim, Rule 8(a)(2) still requires a showing, rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only fair notice of the nature of the claim, but also grounds on which the claim rests.

*Id.* at 1965 n.3 (quotation marks and citations omitted). Furthermore, "on a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)) (quotation marks omitted).

Sylwestrowicz brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. To state a claim under § 1983, a plaintiff must allege a violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. Sylwestrowicz alleges that his landlord entered his apartment, without his permission, to look for items that had been stolen from another apartment in the building, and later he "unlawfully led police into [his] apartment to seize tainted, illegally obtained evidence which was used against [him]

2

in a court of law to convict [him] of a Class B Burglary." (Compl. at 5). At Sylwestrowicz's trial, on June 6-7, 2006, Magistrate Kathleen Sullivan, whom Sylwestrowicz had named as a defendant in this case, denied his motion to suppress the evidence obtained from the search of his apartment. (*Id*. at 5-6).

Judge Sullivan is entitled to absolute judicial immunity against Sylwestrowicz's damage claims if her actions meet a two-part test: first, the acts must be within the judge's jurisdiction; second, these acts must be performed in the judge's judicial capacity. *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (Judges are not liable in civil actions for their judicial acts unless they have acted in the clear absence of all jurisdiction). Judge Sullivan is absolutely immune for her judicial acts even if her exercise of authority is flawed by the commission of grave procedural errors. *Id.* at 359; *Dellenbach v. Letsinger*, 889 F.2d 755, 759 (7th Cir. 1989). Judge Sullivan had jurisdiction to preside over Sylwestrowicz's criminal case and to rule on his motion to suppress. *See John v. Barron*, 897 F.2d 1387, 1392 (7th Cir. 1990) (test is whether the acts are those normally performed by a judge). Accordingly, Judge Sullivan is entitled to judicial immunity against Sylwestrowicz's damage claims on his allegation that she came to the wrong conclusion when she denied his motion to suppress the evidence obtained during the search of his apartment.

The complaint also names Deputy Prosecuting Attorney Alejandro Dominguez as a defendant. Prosecutors, however, have absolute immunity for the initiation and pursuit of a criminal prosecution, including presenting the state's case at trial or any other conduct "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). "[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Id.* at 431. "This immunity shields the prosecutor even if he initiates

3

charges maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238 (7th Cir. 1986). The conduct Sylwestrowicz asserts in his complaint constitutes conduct intimately associated with the judicial phase of the criminal process. Accordingly, defendant Dominguez is entitled to prosecutorial immunity.

Finally, the complaint names Hammond Police Department Sergeant Paul Dancer as a defendant. Sylwestrowicz asserts that Sgt. Dancer participated in a search of his apartment that violated the Fourth Amendment's prohibition against unreasonable searches and seizures. He also states that Magistrate Sullivan denied his motion to suppress, ruling that the search did not violate the Fourth Amendment — which undermines, and would appear to bar, his Fourth Amendment claim in this case. In any event, his complaint against Sgt. Dancer is untimely.

The complaint does not specify when the apartment search occurred, but Sylwestrowicz states his criminal trial was held on June 6-7, 2006. The actions of Sgt. Dancer that Sylwestrowicz alleges violated his federally protected rights occurred before his trial. Because there is no federal statute of limitations for actions filed pursuant to § 1983, courts apply the most appropriate state statute of limitations. *Jenkins v. Village of Maywood*, 506 F.3d 622, 623 (7th Cir. 2007). When reviewing § 1983 actions, "federal courts adopt the forum state's statute of limitations for personal injury claims." *Johnson v. Rivera*, 272 F.3d 519, 521 (7th Cir. 2001). "Indiana law requires that any action for injuries to the person or character must be commenced within two years after the cause of action accrues." *Doe v. Howe Military School*, 227 F.3d 981, 988 (7th Cir. 2000) (citing Ind. Code 34-11-2-4 (formerly Ind. Code § 34-1-2-2(1)); *Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 894 (7th Cir. 2001) (Two-year statute of limitations "is applicable to all causes

of action brought in Indiana under 42 U.S.C. § 1983.").

The statute of limitations is an affirmative defense, but if a plaintiff "pleads facts that show that his suit is time-barred or otherwise without merit, he has pleaded himself out of court." *Tregenza v. Great Am. Commc'ns Co.*, 12 F.3d 717, 718 (7th Cir. 1993). The clerk of this court received the complaint in this case on August 15, 2008. The "prisoner mailbox rule" provides that a prisoner's submission is deemed filed on the date the prisoner deposits it in the prison mail system, and not on the date when it is received by the court. *Ingrahm v. Jones*, 507 F.3d 640, 643 (7th Cir. 2007) (citing *Houston v. Lack*, 487 U.S. 266, 275-76 (1988)). At the screening stage, this court normally accepts the date a prisoner signs the complaint as the date he delivered it to prison officials for mailing. This case is unusual in that Sylwestrowicz dated his complaint on August 27, 2008, although the court received the complaint on August 15, 2008. Even if Sylwestrowicz signed the complaint on July 27, 2008, the events he complains of occurred more than two years before he signed his complaint. Accordingly, Sylwestrowicz's claim against Sgt. Dancer is barred by the statute of limitations.

For the foregoing reasons, the court **DISMISSES** this complaint pursuant to 28 U.S.C. § 1915A(b)(1).

SO ORDERED on November 6, 2008.

<pre>                                          s/Joseph S. Van Bokkelen
                                          JOSEPH S. VAN BOKKELEN
                                          UNITED STATES DISTRICT JUDGE
                                          HAMMOND DIVISION</pre>